# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### EASTERN DIVISION

NO. 4:08-CV-56-FL(3)

| | | |
|---|---|---|
| NORRIS G. DILLAHUNT, d/b/a NORRIS DILLAHUNT, GENERAL CONTRACTOR, | ) ) ) ) | |
| Plaintiff, | ) ) | **MEMORANDUM & RECOMMENDATION** |
| v. | ) ) | |
| CITY OF NEW BERN, *et al*., | ) ) | |
| Defendants | ) ) | |

This matter comes before the Court upon Defendants' motion to dismiss [DE's 7-8]. Plaintiff has responded to this motion [DE-11], and the matter is now ripe for adjudication. Pursuant to 28 U.S.C. 636(b)(1), this matter is before the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is HEREBY RECOMMENDED that Defendants' motion to dismiss [DE-7] be GRANTED and that Plaintiff's Complaint be DISMISSED in its entirety.

## I.  Background

On June 4, 1999, Plaintiff (along with his partner William H. Dove) filed a complaint in the Superior Court of Craven County, North Carolina which named the City of New Bern and a city employee as defendants [DE 8-2]. This complaint alleged that Plaintiff's rights under both the United States and North Carolina Constitutions were violated by the enforcement of the City of New Bern's municipal housing code. *Id*. Specifically, Plaintiff sought, *inter alia*, "an injunction restraining and enjoining the defendants . . . from taking any action to demolish, raze or destroy plaintiffs' 16 unit

apartment buildings." *Id*. at 11. The matter was removed to this Court by Defendants on July 9, 1999, and Plaintiff's complaint was dismissed by the Honorable United States District Court Judge Malcolm J. Howard on October 6, 1999 [DE 8-3].

In December 1999, the City of New Bern issued Plaintiff a permit to renovate the apartments located at 212-238 First Street ("First Street Apartments") [DE 1-2]. This permit stated on its face that it would "become null and void if work or construction authorized is not commenced within 6 months, or if construction or work is suspended or abandoned for a period of 6 months at any time after work is started." *Id*. at 11. By letter dated June 7, 2000, the City of New Bern notified Plaintiff that the permit was no longer valid because no new construction had taken place. *Id*. at 12. On July 9, 2000, Plaintiff sent a letter to the North Carolina Department of Insurance wishing to appeal the decision explained in the June 7, 2000 letter. *Id*. at 13. Nonetheless, the City of New Bern demolished the First Street Apartments on July 12, 2000. *Id*. at 5. Thereafter, on April 10, 2001, the City of New Bern notified Plaintiff that he was no longer eligible to participate in any City of New Bern housing program. *Id.* at 6, ¶ 17.

Plaintiff filed another complaint in Craven County Superior Court on July 14, 2003 [DE 8-4]. This complaint also named the City of New Bern and a city employee as defendants. *Id*. In this complaint, Plaintiff alleged that defendants had improperly demolished the First Street Apartments. *Id*. Specifically, Plaintiff contended that the First Street Apartments were demolished in violation of, *inter alia*, his equal protection rights under the laws of the State of North Carolina. *Id*. at 4. On April 8, 2005, North Carolina Superior Court Judge Jack W. Jenkins entered an order dismissing Plaintiff's claims with prejudice in their entirety [DE 8-5]. This order was based on both procedural grounds and on the merits of Plaintiff's claim. As to the merits, the trial court determined that "the

2

City of New Bern complied with the applicable provisions of its Minimum Housing Code and with the applicable provisions within the North Carolina General Statutes relating to its police power relative to minimum housing." *Id.* Afterwards, Plaintiff unsuccessfully appealed to both the North Carolina Court of Appeals and the North Carolina Supreme Court. Despite the dismissal of his claim, Plaintiff nonetheless removed the July 14, 2003 complaint to this Court on June 5, 2007 [DE 8-6]. The Honorable United States District Court Judge James C. Dever, III found this removal frivolous on June 8, 2007 [DE 8-7]. Accordingly, the action was remanded back to the state of North Carolina. *Id.*

On June 20, 2007, Plaintiff filed another complaint in this Court [DE 8-8]. The complaint again named the City of New Bern and a city employee as defendants. Likewise, this complaint asserted, *inter alia*, that defendants had demolished the First Street Apartments in violation of Plaintiff's due process and equal protection rights pursuant to the Fifth and Fourteenth Amendments to the United States Constitution. *Id.* Judge Howard entered an order dismissing these claims on March 18, 2008 [DE 8-9]. This dismissal was based on res judicata principles. Specifically, Judge Howard noted that:

> Here, plaintiff complains that defendants violated his constitutional rights to due process and equal protection as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution by demolishing [the First Street Apartments] without proper notice, despite the existence of a valid building permit, and notwithstanding plaintiff's appeal of the revocation decision, which appeal was pending before the North Carolina Department of Insurance. Because these claims arise from the same events complained of in the state-court action, they are matters properly within the scope of the state-court pleadings and should have been raised at that time . . . The state court entered final judgment on the merits, concluding that the City of New Bern had complied with its municipal regulations and state law and that defendants were, therefore, entitled to summary judgment on all claims in the state proceeding. Plaintiff may not now bring a new

3

action seeking relief for the same actions based on a different legal
theory . . .
*Id.* at 9-10 (internal citations omitted).

The Complaint in this matter was filed by Plaintiff on March 14, 2008 in Craven County
Superior Court [DE 1-2]. Defendants removed the matter to this Court on April 15, 2008. In the
instant Complaint, Plaintiff again asserts various claims against the City of New Bern and its
employees relating to the demolition of the First Street Apartments. Specifically, Plaintiff seeks to
recover pursuant to 42 U.S.C § 1983 for violations of his due process and equal protection rights.

## II. Analysis

Defendants have filed this motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil
Procedure. A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests
the sufficiency of a complaint. Such a motion should not be granted unless it appears certain that
plaintiff can prove no set of facts that would support his claim and entitle him to relief. *See* Mylan
Laboratories v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a motion to dismiss,
the court assumes that the allegations of the complaint are true and construes them in a light most
favorable to the plaintiff. *See* Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); GE Investment
Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001). A motion to dismiss is an
appropriate forum for the defenses of statute of limitations and res judicata. Q International Courier,
Inc. v. Smoak, 441 F.3d 214, 216 (4th Cir. 2006)(a res judicata defense is appropriate when raised in
a motion to dismiss for failure to state a claim); Pantry Pride Enters, Inc., v. Glenlo Corp., 729 F.2d
963, 965 (4th Cir. 1984)(a statute of limitations defense is appropriate when raised for failure to state
a claim). The undersigned shall now address the various arguments presented by Defendants in
support of this motion.

4

## A. Statute of Limitations

Defendants assert that the instant claims are time barred. Specifically, Plaintiff asserts his claims pursuant to 42 U.S.C. § 1983. There is no federal statute of limitations for actions brought under §1983, and federal courts therefore must borrow a limitations period from the most analogous statute of limitations of the forum state. Bireline v. Seagondollar, 567 F.2d 260, 262-263 (4th Cir. 1977), *cert. denied*, 444 U.S. 842 (1979); Reagan v. Hampton, 700 F. Supp. 850, 852 (M.D.N.C. 1988). In Wilson v. Garcia, 471 U.S. 261, 280 (1985), the Supreme Court determined that statutes of limitations governing personal injury actions were the most analogous for § 1983 claims. North Carolina has more than one period of limitations, depending on the particular injury alleged. Reagan, 700 F. Supp. at 852. However, the most analogous statute under North Carolina law is the three-year period established by N.C. Gen. Stat. § 1-52(5). *Id.* at 854. The statute of limitations begins to accrue when a plaintiff knows or has reason to know enough about his or her injury that a reasonable inquiry would reveal the cause of action. Brooks v. City of Winston Salem, 85 F.3d 178, 181 (4th Cir. 1996). Here, Plaintiff's first cause of action primarily relates to the July 12, 2000 demolition of the First Street Apartments, and his second cause of action relates to the elimination of Plaintiff's eligibility to participate in City of New Bern housing programs on April 10, 2001. However, the instant Complaint was not filed until March 14, 2008–well after the applicable statute of limitations had expired for both of his causes of action. Accordingly, it is HEREBY RECOMMENDED that this portion of Defendants' motion to dismiss be GRANTED and that Plaintiff's entire complaint be DISMISSED as time-barred. Despite this recommendation, the undersigned shall nonetheless address Defendants' remaining arguments.

## B. Res Judicata

In the alternative, Defendants argue that Plaintiff's complaint should be dismissed pursuant to the doctrine of res judicata. "Under the doctrine of res judicata, 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.'" Andrews v. Daw, 201 F.3d 521, 524 (4th Cir. 2000)(*quoting* Montana v. United States, 440 U.S. 147, 153 (1979)). "[F]ederal Courts asked in a § 1983 action to give res judicata effect . . . to a state court judgment are bound under the Full Faith and Credit statute, 28 U.S.C. § 1738, to apply the law of the rendering state to determine whether and to what extent the state court judgment should have preclusive effect in the federal action." Davenport v. North Carolina Department of Transportation, 3 F.3d 89, 92 (4th Cir. 1993)(internal citations omitted). Therefore, the law of North Carolina must be applied to determine whether this action is barred. Kutzik v. Young, 730 F.2d 149, 151 (4th Cir. 1984). "According to North Carolina law, a judgment on the merits is not only conclusive as to matters actually litigated and determined, but also as to all matters properly within the scope of the pleadings which could and should have be adjudicated at that time." Stewart v. Hunt, 598 F. Supp. 1342, 1350 (E.D.N.C. 1984)(internal citations omitted). In North Carolina, it is well settled that "all damages incurred as the result of a single wrong must be recovered in one lawsuit." Bocweg v. Anderson, 333 N.C. 486, 492 (1993)(emphasis omitted). Thus, a party may not avoid the preclusive effect of a state-court judgment by simply asserting a new legal theory or seeking a different remedy. *Id*. at 494.

Here, Plaintiff's first cause of action arises out of the July 12, 2000 demolition of the First Street Apartments. These are the same events complained of by Plaintiff in both his July 14, 2003 and June 20, 2007 complaints. This Court has already dismissed the June 20, 2007 complaint based on res judicata principles [DE 8-9]. Plaintiff's first cause of action is a matter that was properly within the scope of Plaintiff's previous pleading and should have been raised at that time. Therefore,

6

Plaintiff's first cause of action should be dismissed as barred by the doctrine of res judicata. Accordingly, it is HEREBY RECOMMENDED that this portion of Defendants' motion to dismiss be GRANTED, and that Plaintiff's first cause of action be DISMISSED.

However, Plaintiff's second cause of action alleges that Defendants violated due process when they eliminated Plaintiff's eligibility for all City of New Bern housing programs on April 10, 2001. This particular cause of action was not adjudicated in Plaintiff's previous lawsuits. Therefore, the doctrine res judicata does not apply to Plaintiff's second cause of action. It is HEREBY RECOMMENDED that Defendant's motion to dismiss be DENIED to the extent it seeks the dismissal of Plaintiff's second cause of action based on the doctrine of res judicata.

## C. Punitive Damages

Plaintiff seeks to "recover from the defendants a sum in excess of Ten Thousand Dollars ($10,000.00) as punitive damages for the willful and wanton violations of Plaintiff's due process rights" [DE 1-2, pg, 7, ¶ 3]. However, the Defendants consist of a municipality and two municipal agents. Punitive damages are unavailable against municipalities under 42 U.S.C. § 1983. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981). Likewise, "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985)(internal citations omitted). Therefore, punitive damages under 42 U.S.C. § 1983 are also unavailable against municipal employees sued in their official capacities. Iglesias v. Wolford, 539 F. Supp. 2d 831, 841 (E.D.N.C. 2008). Accordingly, it is HEREBY RECOMMENDED that any portions of Plaintiff's Complaint which seek punitive damages against Defendant City of New Bern or the remaining Defendants in their official capacities be DISMISSED.

## D. Defendant Walter Hartman

Finally, Defendants argue that Plaintiff has failed make factual allegations sufficient to support a claim with regard to Defendant Walter Hartman. The only specific allegation which references Defendant Walter Hartman is that he "is and was the City Manager of the City of New Bern, . . . at all times herein complained of . . ." [DE 1-2, pg. 5, ¶ 3]. This, without more, is not a sufficient factual basis for any claim. Accordingly, it is HEREBY RECOMMENDED that this portion of Defendants' motion to dismiss be GRANTED, and that Defendant Walter Hartman be DISMISSED as a party to this action.

**III.  Conclusion**

In accordance with the foregoing, it is HEREBY RECOMMENDED that Defendant's motion to dismiss [DE-7] be GRANTED and that Plaintiff's Complaint be DISMISSED in its entirety.

SO RECOMMENDED  in Chambers at Raleigh, North Carolina this 25th day of June, 2008.

_____
William A. Webb
U.S. Magistrate Judge

8