IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:08-CV-56-FL

| | | |
|---|---|---|
| NORRIS G. DILLAHUNT, d/b/a ) | | |
| NORRIS DILLAHUNT, GENERAL ) | | |
| CONTRACTOR, ) | | |
|  ) | | |
| Plaintiff, ) | ORDER | |
|  ) | | |
| v. ) | | |
|  ) | | |
| CITY OF NEW BERN, et al., ) | | |
|  ) | | |
| Defendants. ) | | |

This matter comes before the court on defendant's motion to dismiss (DE # 7), filed April 18, 2008, with benefit of memorandum and recommendation ("M&R") entered by United States Magistrate Judge William A. Webb on June 26, 2008. Plaintiff filed objections to the M&R, to which defendant timely responded. Thus, the issues presented are ripe for adjudication. Also pending in this matter is defendant's motion to exclude the testimony of plaintiff's proffered expert, Dr. Marc Fusaro (DE # 21). For the reasons set forth below, the court accepts and adopts the reasoning of the magistrate judge. Accordingly, plaintiff's claims are dismissed and defendant's motion to exclude expert testimony is denied as moot.

BACKGROUND

Plaintiff filed complaint in Craven County Superior Court on March 14, 2008. Defendants removed the case to this court on April 15, 2008. Plaintiff, a general contractor, asserts various claims against the City of New Bern ("the City") and its employees stemming from the demolition

of several apartment units by the City. On December 30, 1999, the City issued plaintiff a permit to renovate said apartments, but on June 7, 2000, the City notified plaintiff that the permit was no longer valid on the grounds that no new construction had taken place since the issuance of the permit. Plaintiff sent a letter to the North Carolina Department of Insurance ("the Department") on July 9, 2000, to appeal the finding that the permit was invalid. Shortly thereafter, on July 12, 2000, the City demolished the apartments. Additionally, on April 10, 2002, plaintiff received notification that he was no longer eligible to participate in City of New Bern housing programs, which plaintiff contends also gives rise to a cause of action.[1] Plaintiff alleges that on March 14, 2005, the Department ruled that plaintiff's permit to renovate the apartments was indeed valid.[2]

There has been extensive previous litigation in this and other courts relating to the claims plaintiff asserts in the present matter, which the M&R adeptly recounts. The court adopts the M&R's recitation of those facts without more.

## DISCUSSION

A.    Standard of Review

The court may "designate a magistrate judge to conduct hearings . . . and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of a variety of

---

[1] Plaintiff's complaint alleges this notification was received on April 10, 2001. In responding to plaintiff's objections to the M&R, defendant states the letter was issued on April 10, 2002. The 2002 date is supported by the copy of the notification letter in the record. (DE # 1-2, p. 18.) Accordingly, the court considers the 2002 date to be the date of notification, which in any event is more favorable to plaintiff than the 2001 date for the purposes of determining whether plaintiff's claims are time barred.

[2] The document plaintiff submits in support of this alleged fact is an affidavit by an employee of the Department dated March 14, 2005, in which the employee testifies that he believed plaintiff had commenced work on the property within six months of receiving the renovation permit. (DE # 1-2, p. 15-17.) Plaintiff contends that under the terms of the permit, this means the City's determination that the permit was invalid was improper. To frame the date a Department employee gives an affidavit as the date the Department gave its ruling, as it appears plaintiff has done, is a questionable characterization; however, for the sake of argument, the court will consider March 14, 2005, to be the date of the Department's ruling.

2

motions, including a motion to dismiss. 28 U.S.C. § 636(b)(1)(A)-(B). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court is obligated to make *de novo* determinations of those portions of the M&R to which objections have been filed. Id.; see also Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

B.  Statute of Limitations Analysis

The M&R recommends that plaintiff's claims be dismissed as time barred. The complaint asserts two causes of action under 42 U.S.C. § 1983 stemming from the demolition of First Street Apartments on July 12, 2000, and the City's determination that plaintiff was ineligible to participate in City of New Bern housing programs, of which plaintiff received notice on April 10, 2002. The M&R determined the causes of action accrued on those respective dates. There is no federal statute of limitations for actions brought under § 1983, and accordingly, federal courts must borrow a limitations period from the most analogous statute of limitations of the forum state. Bireline v. Seagondollar, 567 F.2d 260, 262-63 (4th Cir. 1977). The applicable statute of limitations for this action is the three-year period for personal injury actions provided for by N.C. Gen. Stat. § 1-52(2). See Reagan v. Hampton, 700 F. Supp. 850, 854 (M.D.N.C. 1988). The M&R accordingly determined that plaintiff's complaint, filed in March of 2008, was filed well outside the statute of limitations for each claim. Plaintiff does not object to the recommendation that the three-year statute of limitations is applicable in this instance, and this court holds that it is indeed the proper period. Rather, plaintiff contends his causes of action accrued on March 14, 2005, when the Department ruled that the permit issued by the City on December 30, 1999, for renovation of the subsequently demolished apartment building, was valid. (See DE # 1-2, pp. 15-17.)

3

Plaintiff's objection as to the M&R's determination regarding the date the action accrued is without merit. Even though the statute of limitations for a claim under 42 U.S.C. § 1983 is borrowed from the relevant state law, the question of when a cause of action accrues remains one of federal law. Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 955 (4th Cir. 1995). Under federal law "a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996); see also Nasim, 64 F.3d at 955 (holding that a cause of action accrues once the plaintiff knows he has been hurt and who inflicted the injury).

Any basis for the causes of action in plaintiff's complaint would have revealed itself to plaintiff on the date of the destruction of the apartments and the date of plaintiff's receipt of the letter notifying him that he was no longer eligible for City of New Bern housing programs, respectively. The Department's ruling is irrelevant. With regard to the building demolition, that plaintiff knew he had been hurt and who inflicted the injury well before the 2005 ruling is evidenced by the complaint filed by plaintiff and William Dove against the City of New Bern in Craven County Superior Court on July 14, 2003 (DE # 8-4, pp. 2-5). That complaint alleges, *inter alia*, "The city violated plaintiffs' rights when it demolished his building[3] despite the fact that a valid building permit was in issuance." (Id. at p. 4, ¶ 16.) Furthermore, plaintiff's appeal to the Department did not involve defendant's revocation of plaintiff's eligibility for City of New Bern housing programs; indeed, plaintiff wrote his letter of appeal prior to the revocation of his eligibility. (See DE # 8-4, pp. 8-9.) Accordingly, the March 14, 2005 decision of the Department does not pertain to plaintiff's second cause of action, and cannot affect the date the action accrued for the purposes of the statute

---

[3] This use of "building" refers to the First Street Apartments, the same units at issue here.

4

of limitations analysis. After reviewing the matter *de novo*, the court determines plaintiff's first cause of action accrued on July 12, 2000, and the statute of limitations ran on July 12, 2003. The court determines plaintiff's second cause of action accrued on April 10, 2002, and the statute of limitations ran on April 10, 2005. Therefore, both of plaintiff's claims were time barred when plaintiff filed complaint and are accordingly dismissed.

The court need not take up plaintiff's objections to other matters addressed in the M&R as the court does not base its ruling on those portions of the M&R.

CONCLUSION

Defendants' motion to dismiss (DE # 7) is GRANTED and plaintiff's complaint is DISMISSED in its entirety. Defendant's motion to exclude the testimony of Dr. Marc Fusaro (DE # 21) is DENIED as moot.

SO ORDERED, this the 26 day of February, 2009.

LOUISE W. FLANAGAN
Chief United States District Judge